## MOTION DOCKET

**95–1142.** Cincinnati Bar Assn. v. Doerger. On September 6, 1995, respondent filed a document titled "Mandamus/Procedendo of Order Issued to Thomas J. Moyer in the Above–Referenced Case." To the extent that respondent's document seeks a writ of mandamus and/or procedendo, the document does not meet the requirements for filing an original action pursuant to S.Ct.Prac.R. X. To the extent that respondent's document seeks reconsideration of this court's decision of August 2, 1995, the request for reconsideration is untimely under S.Ct.Prac.R. XI(1)(A). Accordingly,

IT IS ORDERED by the court, *sua sponte*, effective September 15, 1995, that respondent's document titled "Mandamus/Procedendo of Order Issued by Thomas J. Moyer in the Above–Referenced Case" be, and hereby is, stricken.

**95–1679.** State ex rel. Ricchiuto v. Reagan. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter. Upon consideration of respondents' motion for leave to file reply memorandum in support of respondents' motion to dismiss,

IT IS ORDERED by the court that the motion for leave to file reply memorandum in support of respondents' motion to dismiss be, and hereby is, denied, effective September 15, 1995.

## MISCELLANEOUS DISMISSALS

**95–1617.** Abood v. Nemer. *Summit County,* No. 16877. This cause is pending before the court as a discretionary appeal and cross-appeals and as a claimed appeal of right. It appears from the records of this court that appellees/cross-appellants, Ray R. Nemer and Melia Corporation, have not filed a memorandum in response/memoranda in support of their cross-appeals, due September 7, 1995, in compliance with the Rules of Practice of the Supreme Court and therefore have failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that the cross-appeals be, and hereby are, dismissed, effective September 15, 1995.